COPY

FILED

1   Joshua J. Pollack (SBN 215922)
    jpollack@proskauer.com
2   PROSKAUER ROSE LLP
    2049 Century Park East, 32nd Floor
3   Los Angeles, CA 90067-3206
    Telephone:   (310) 557-2900
4   Facsimile:   (310) 557-2193

5   Paul L. Langer (applying for *pro hac vice* admission)
    planger@proskauer.com
6   PROSKAUER ROSE LLP
    70 West Madison Street, Suite 3800
7   Chicago, IL 60602-4342
    Telephone:   (312) 962-3550
8   Facsimile:   (312) 962-3551

9   Attorneys for Plaintiffs

13 MAR -1  PM 12: 03

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12                      CV13-01483 -ABC(JCGx)

13  LIVE NATION LGTOURS (USA) LLC;      Case No.
    MERMAID TOURING, INC.; AND THE
14  ATOM FACTORY,                        **COMPLAINT FOR**
15
                                         **1. BREACH OF CONTRACT;**
16              Plaintiffs,              **AND**

17      vs.                              **2. BREACH OF THE IMPLIED**
                                         **COVENANT OF GOOD FAITH**
18  BEAZLEY SYNDICATE 623 AT             **AND FAIR DEALING**
    LLOYD'S; BEAZLEY SYNDICATE 2623
19  AT LLOYD'S; AND TALBOT
    SYNDICATE 1183 AT LLOYD'S,           **JURY TRIAL DEMANDED**
20
21              Defendants.
22

23      Plaintiffs Live Nation LGTours (USA), LLC ("Live Nation"), Mermaid

24  Touring, Inc. ("Mermaid Touring") and The Atom Factory ("Atom Factory"),

25  (collectively the "Plaintiffs" or the "Insureds") by and through their attorneys,

26

27  complain against the Defendants, Beazley Syndicate 623 at Lloyd's ("Beazley

28  Syndicate 623"), Beazley Syndicate 2623 at Lloyd's ("Beazley Syndicate 2623")

and Talbot Syndicate 1183 at Lloyd's ("Talbot Syndicate 1183") (collectively the "Defendants" or the "Insurers") as follows:

## NATURE OF THE ACTION

1.     This insurance coverage action is brought by the Plaintiffs against certain of their insurers in connection with the cancellation of a concert by Lady Gaga in Jakarta, Indonesia because of threats of violence, bodily injury and damage directed against Lady Gaga and others for political, religious, ideological or similar purposes.

2.     The Defendants are Syndicates at Lloyd's of London that subscribed to three policies of terrorism insurance issued to the Plaintiffs ("The Terrorism Policies").

3.     The Plaintiffs have suffered significant damages as a result of the cancellation of the Lady Gaga concert in Jakarta, Indonesia because of threats of violence, bodily injury and damage directed against Lady Gaga and others for political, religious, ideological or similar purposes.

4.     Pursuant to The Terrorism Policies issued to the Plaintiffs to which the Defendants subscribed, the Defendants are obligated to reimburse the Plaintiffs for the damages the Plaintiffs incurred because of the cancellation of the Lady Gaga concert in Jakarta, Indonesia in accordance with the terms and limits of The Terrorism Policies (the "Insured Damages").

5.     In violation of their obligations under The Terrorism Policies, the Defendants have failed or refused to reimburse the Plaintiffs for the Insured Damages the Plaintiffs have incurred as a result of the cancellation of the Lady Gaga concert in Jakarta, Indonesia.

## THE PARTIES

6.     Plaintiff Live Nation is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 9348 Civic

1    Center Drive, Fourth Floor, Beverly Hills, California 90210.  At all relevant times

2    herein, Live Nation was a promoter and producer of the Lady Gaga concert in

3    Jakarta, Indonesia.

4         7.    Plaintiff Mermaid Touring is a corporation organized and existing

5    under the laws of the State of New York with its principal place of business c/o

6    Gelfand Rennert & Feldman, LLP, 1880 Century Park East, Suite 1600, Los

7    Angeles, California 90067.  At all relevant times herein, Mermaid Touring provided

8    the professional services of Lady Gaga to the concert in Jakarta, Indonesia.

9         8.    Plaintiff Atom Factory is a California Limited Liability Company with

10   its principal place of business at 10351 Washington Blvd., Culver City, California

11   90232.  At all relevant times herein, Atom Factory was an artist management

12   company advising Lady Gaga with respect to the concert in Jakarta, Indonesia.

13        9.    Defendant Beazley Syndicate 623 is a foreign company that offers

14   property and casualty insurance products to businesses and professionals.  Its

15   principal offices are in London, United Kingdom.  At all relevant times herein,

16   Beazley Syndicate 623 was transacting insurance business in the State of California

17   and in this judicial district.

18        10.   Defendant Beazley Syndicate 2623 is a foreign company that offers

19   property and casualty insurance products to businesses and professionals.  Its

20   principal offices are in London, United Kingdom.  At all relevant times herein,

21   Beazley Syndicate 2623 was transacting insurance business in the State of

22   California and in this judicial district.  Beazley Syndicate 2623 and Beazley

23   Syndicate 623 are collectively referred to herein as "Beazley."

24        11.   Defendant Talbot Syndicate 1183 is a foreign company that offers

25   property and casualty insurance products to businesses and professionals.  Its

26   principal offices are in London, United Kingdom.  At all relevant times herein,

27   Talbot Syndicate 1183 was transacting insurance business in the State of California

28   and in this judicial district.

## JURISDICTION AND VENUE

12.     This Court has diversity jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a)(2) because the Plaintiffs are citizens of a state and the Defendants are citizens of a foreign state and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

13.     This Court has personal jurisdiction over each of the Defendants, as among other reasons: The Terrorism Policies are to be performed by the Defendants, in whole or in part, within this judicial district in California; The Terrorism Policies were issued by the Defendants through a broker licensed to do business in California; The Terrorism Policies insure entities (i.e., the Plaintiffs) having their principal place of business within this judicial district in California; and, upon information and belief, each of the Defendants is licensed to issue insurance coverage in California and Beazley has offices in California, including within this judicial district.

14.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (c) because all of the Defendants transact business as insurance companies in this judicial district, and, therefore, are all residents of this judicial district.

15.     Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the Plaintiffs' insurance claim occurred in this judicial district.

16.     The Defendants have consented to jurisdiction and venue in this Court under The Terrorism Policies which provide that "It is agreed that in the event of the failure of the Underwriters hereon to pay any amount claimed to be due hereunder, the Underwriters hereon at the request of the Insured (or Reinsured), will submit to the jurisdiction of a Court of competent jurisdiction within the United States."

## THE JAKARTA CONCERT CANCELLATION

17.     Stefani Joanne Angelina Germanotta is an internationally known

4

1  musical performing artist and songwriter professionally known as Lady Gaga
2  ("Lady Gaga").

3      18.    As part of a worldwide tour known as the Born This Way Tour, Lady
4  Gaga was scheduled to perform a concert on June 3, 2012 in Jakarta, Indonesia (the
5  "Jakarta Concert").

6      19.    Beginning on or about May 14, 2012, Indonesian and Jakarta police
7  and government officials and others began issuing statements that various Islamic or
8  other groups were threatening to use force or violence against the Jakarta Concert
9  for political, religious, ideological or similar purposes. Some of these statements,
10  included, without limitation, the following:

11      a.    Z6 Magazine (May 15th): "Local Jakarta police were worried
12  they could not guarantee the security for Lady Gaga…"

13      b.    Jakarta Globe (May 17th): "The Jakarta Police said on Thursday
14  that they would disperse Lady Gaga's concert in the capital originally scheduled for
15  June 3 if the promoter insists on going on with the event…. One of the groups,
16  hardline Islamic Defenders Front (FPI), said it would dispatch 30,000 of its
17  members and supporters to prevent Gaga from entering Jakarta." Some additional
18  quotes from the Senior Commander of the local police also included in the article
19  are the following: "We've analyzed the situation. The result is, it may potentially
20  trigger conflicts," he added. Rikwanto said the police were not bowing to pressure
21  from the groups, only looking out for security. "If they insist on [holding the
22  concert], conflicts may emerge between people who support and reject the show,"
23  Rikwanto said. "The impact won't be good."

24      c.    The Australian (May 28th): Quotes Muhali Barda (spokesman
25  for the Islamic Defenders Front) as stating: "[our] supporters had purchased more
26  than 150 tickets to the concert." He posted a picture on his Facebook page of a man
27  hiding his identity with a turban and sunglasses and holding a $50 ticket to the
28  "Ball." "We have gotten Lady Gaga tickets," the caption said. "Not to watch but

1   for us to enter." "Our target is to stop the concert," he wrote, providing little more

2   detail. "We would force them off the stage but not harm the audience."

3            d.     The Telegraph (June 21st): "[The Islamic Defenders Front]

4   vowed to turn out at the airport by the thousands if Lady Gaga arrived. Others said

5   they bought tickets so they could wreak havoc from inside the 52,000-seat stadium

6   in the capital."

7        20.     In order to prevent bodily injury and property damage and to protect

8   the lives and safety of Lady Gaga, all members of the Born This Way Tour, and the

9   public, on or about Thursday, May 17, 2012, the Jakarta Concert was necessarily

10  cancelled.

11  **THE TERRORISM POLICIES**

12       21.     In consideration of a substantial premium paid by or on behalf of the

13  Plaintiffs, the Insurers subscribed to "Terrorism Insurance" Policy No. B11670364a,

14  issued to Live Nation for the period of April 19, 2012 through March 17, 2013

15  which provides coverage for, *inter alia*, preproduction costs, shutdown costs,

16  specified costs, freight, running costs, and show costs.

17       22.     In consideration of a substantial premium paid by or on behalf of the

18  Plaintiffs, the Insurers subscribed to "Terrorism Insurance" Policy No. B11670365a,

19  issued to Mermaid Touring and Atom Factory, for the period of April 19, 2012

20  through March 17, 2013 which provides coverage for, *inter alia*, artist fees and

21  merchandise.

22       23.     In consideration of a substantial premium paid by or on behalf of the

23  Plaintiffs, the Insurers subscribed to "Terrorism Insurance" Policy No. B11670366a

24  issued to Live Nation, Mermaid Touring and Atom Factory for the period of April

25  19, 2012 through March 17, 2013 which provides coverage for, *inter alia*, Live

26  Nation's profit and artist's overages.

27       24.     The Terrorism Policies provide, in relevant part, as follows:

28

Insured Performances Or Event(s) Date(s):  Leg One – 16 Asian shows between the 27th April 2012 and 3rd June 2012.  Leg Two – 18 Australian shows between the 7th June 2012 and the 8th July 2012.  Leg Three – 29 European shows between the 14th August 2012 and the 6th October 2012.  Leg Four – 9 South & Central American shows 27th October 2012 and the 23rd November 2012.  Leg Five – 2 South African shows on the 30th November 2012 and the 3rd December 2012, 1 Abu Dhabi show on the 6th December 2012, 2 Russian shows on the 9th and 12th December 2012 and 1 Indian show on the 15th December 2012.  Leg Six – 37 North American shows between the 11th January 2013 and 16th March 2013.

1. Insuring Clause

Interest 1.1:  Subject always to the terms, conditions, limitations and exclusions contained herein or endorsed hereon this Insurance is to indemnify the Insured for their Ascertained Net Loss, including any reduction in Profit (when profit is insured and stated herein), should any Insured Performance(s) or Event(s) specified herein be necessarily Cancelled, Abandoned, Rescheduled, Interrupted or Relocated, in whole or in part, which necessary Cancellation, Abandonment, Rescheduling, Interruption or Relocation is the sole and direct result of Terrorism and/or Sabotage or Threat thereof which solely and directly results in, but not limited to:

*   *   *

2. Definitions

Ascertained Net Loss 2.1:  Ascertained Net Loss means such sums in excess of any deductible stated herein as represent:

2.1.1:  that part of the Expenses which have been irrevocably expended in connection with the Insured Performance(s) or Event(s), less such part of the Gross Revenue received or receivable less any savings the Insured is able to effect to mitigate such loss and

2.1.2:  the reduction in Profit (when Profit is insured and stated herein) which the Insured can satisfactorily prove would have been earned had the Insured Performance(s) or Event(s) taken place.

Gross Revenue 2.2:  Gross Revenue means all monies which would have been paid or payable to the Insured from every source arising out of the Insured Performance(s) or Event(s) had a loss not occurred.

Expenses 2.3:  Expenses means the total of all costs and charges which would have been incurred by the Insured in organizing, running and providing services for the Insured Performance(s) or Event(s) had a loss not occurred.

Profit (when insured) 2.4:  Profit (when insured) means the amount by which Gross Revenue exceeds Expenses.

Cancellation 2.5:  Cancellation or Cancelled means the inability to proceed with any or all of the Insured Performance(s) or Event(s) prior to commencement.

*    *    *

Terrorism 2.11:  Terrorism means an act, including but not limited to the use of force or violence and/or threat thereof, of any person or group(s) of persons, whether acting alone or on behalf of or in connection with any organization(s) or government(s), committed for political, religious, ideological or similar purposes including the intention to influence any government and/or to put the public, or any section of the public, in fear.

## COVERAGE UNDER THE TERRORISM POLICIES
## FOR CANCELLATION OF THE JAKARTA CONCERT

25.     The Jakarta Concert was an Insured Performance or Event pursuant to The Terrorism Policies.

26.     The Plaintiffs incurred Ascertained Net Loss resulting from the Cancellation of the Jakarta Concert as a sole and direct result of Terrorism as defined in The Terrorism Policies.

27.     Pursuant to the terms of The Terrorism Policies, the Insurers each had a

8

1    duty to indemnify the Plaintiffs for the Ascertained Net Loss the Plaintiffs incurred

2    as a result of the Cancellation of the Jakarta Concert.

3         28.    The Insurers have denied coverage under The Terrorism Policies and

4    have refused to indemnify the Plaintiffs for the Ascertained Net Loss the Plaintiffs

5    incurred as a result of the cancellation of the Jakarta Concert.

6         29.    The Insurers' denial of coverage under The Terrorism Policies was

7    unreasonable, without proper cause and in bad faith.  Among other things, the

8    Insurers denied coverage based on language and purported conditions that are not

9    contained in The Terrorism Policies.  The Insurers have engaged in such conduct for

10   the purpose of impairing the Plaintiffs' rights to receive the benefits of The

11   Terrorism Policies.

### FIRST CAUSE OF ACTION

### (Against Defendants For Breach of Contract)

14        30.    The Plaintiffs reallege and incorporate by reference each of the

15   allegations set forth in paragraphs 1 through 29 above as though fully set forth

16   herein.

17        31.    The Terrorism Policies constitute valid and enforceable written

18   contracts between the Plaintiffs and the Defendants.

19        32.    The Defendants are obligated, pursuant to the terms of The Terrorism

20   Policies, to indemnify the Plaintiffs for the Ascertained Net Loss the Plaintiffs

21   incurred as a result of the Cancellation of the Jakarta Concert.

22        33.    The Defendants have each materially breached their contractual

23   obligations to the Plaintiffs pursuant to the terms of The Terrorism Policies, by

24   failing and refusing to indemnify the Plaintiffs for the Ascertained Net Loss the

25   Plaintiffs incurred as a result of the Cancellation of the Jakarta Concert.

26        34.    The Plaintiffs have fully complied with all applicable terms and

27   conditions of The Terrorism Policies, including timely payment of premiums due

28   under the policies.  Any conditions precedent to recovery have been satisfied,

waived, or are otherwise inapplicable.

35.     As a direct and proximate result of the Defendants' material breaches of The Terrorism Policies, the Plaintiffs have been damaged as alleged herein in an amount to be proven at trial which is greater than the jurisdictional minimum of $75,000.  In particular, the Plaintiffs have been deprived of the benefit of the insurance coverage for which the Plaintiffs have paid substantial premiums and have incurred in excess of $75,000 of Ascertained Net Loss as a result of the Cancellation of the Jakarta Concert.

## SECOND CAUSE OF ACTION

### (Against Defendants For Breach Of The Implied Covenant Of Good Faith And Fair Dealing)

36.     The Plaintiffs reallege and incorporate by reference each of the allegations as set forth in paragraphs 1 through 35 above as though fully set forth herein.

37.     The Terrorism Policies constitute valid and enforceable written contracts between the Plaintiffs and the Defendants.

38.     Each of The Terrorism Policies includes an implied covenant that the Insurers will act in good faith and deal fairly with the Plaintiffs.

39.     In breach of the implied covenant of good faith and fair dealing, the Insurers unreasonably, without proper cause, and in bad faith have consciously withheld from the Plaintiffs the rights and benefits to which they are entitled under The Terrorism Policies, including but not limited to payment of the Ascertained Net Loss the Plaintiffs incurred as a result of the Cancellation of the Jakarta Concert. The Insurers acted without considering the interests of their insureds at least to the same extent as they did their own interests.

40.     The Insurers' acts alleged above are inconsistent with the reasonable expectations of their policyholders, are contrary to established claims practices and legal requirements, are contrary to the express terms of The Terrorism Policies, and

10

1    constitute bad faith.

2        41.    As a direct and proximate result of the Defendants' breaches of the

3    implied covenant alleged above, the Plaintiffs have suffered substantial economic

4    losses and other general, consequential, specific, and special damages, all in an

5    amount to be proven at trial which is greater than the jurisdictional minimum of

6    $75,000.

7        42.    Pursuant to the holding in *Brandt v. Superior Court*, 37 Cal. 3d 813

8    (1985), the Plaintiffs are entitled to recover all attorneys' fees and expenses that they

9    have reasonably incurred and will incur in their efforts to obtain the benefits of

10   insurance that have been, and continue to be, wrongfully and in bad faith withheld

11   by the Defendants.

12       43.    The wrongful conduct of the Defendants alleged herein was intended

13   by the Defendants to cause injury to the Plaintiffs; was despicable conduct which

14   was carried on by the Defendants with a willful and conscious disregard of the

15   Plaintiffs' rights; was despicable conduct that subjected the Plaintiffs to cruel and

16   unjust hardship in conscious disregard of the Plaintiffs' rights; and was committed

17   with a conscious disregard of the Plaintiffs' rights and with the intent to vex, injure

18   or annoy the Plaintiffs, such as to constitute oppression, fraud or malice under

19   California Civil Code Section 3294, thereby entitling the Plaintiffs to punitive

20   damages in an amount appropriate to punish or set an example of the Defendants.

21   //

22   //

23

24

25

26

27

28

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, the Plaintiffs pray that the Court enter judgment ordering as follows:

<u>On the First Cause of Action:</u>

1.    For damages in an amount in excess of $75,000 to be determined at trial, together with prejudgment and post-judgment interest thereon as allowed by law.

<u>On the Second Cause of Action:</u>

1.    For damages in an amount in excess of $75,000 to be determined at trial, together with prejudgment and post-judgment interest thereon as allowed by law;

2.    For punitive and exemplary damages in an amount to be determined at trial; and

3.    For Plaintiffs' reasonable attorneys' fees and expenses.

<u>On all Causes of Action:</u>

1.    For Plaintiffs' costs of suit herein incurred; and

2.    For such other and further relief as the Court may deem just and proper.

DATED: March 1, 2013

PAUL L. LANGER (applying for *pro hac vice* admission)

Attorneys for Plaintiffs

JOSHUA J. POLLACK
PROSKAUER ROSE LLP

_____
Joshua J. Pollack

Attorneys for Plaintiffs

12

# DEMAND FOR JURY TRIAL

The Plaintiffs hereby demand a jury trial in the above-entitled action on all claims for relief for which the Plaintiffs are entitled to a trial by jury.

DATED: March 1, 2013

PAUL L. LANGER (applying for *pro hac vice* admission)

Attorneys for Plaintiffs

JOSHUA J. POLLACK
PROSKAUER ROSE LLP

_Joshua J. Pollack_
Joshua J. Pollack

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Audrey B. Collins and the assigned discovery Magistrate Judge is Jay C. Gandhi.

The case number on all documents filed with the Court should read as follows:

## CV13- 1483 ABC  (JCGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| LIVE NATION LGTOURS (USA) LLC, MERMAID TOURING, INC. and THE ATOM FACTORY, <br><br> _____ <br> *Plaintiff(s)* <br> v. <br> BEAZLEY SYNDICATE 623 AT LLOYD'S, BEAZLEY SYNDICATE 2623 AT LLOYD'S and TALBOT SYNDICATE 1183 AT LLOYD'S <br><br> _____ <br> *Defendant(s)* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**CV13-01483-ABC(JCGx)**

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Joshua J. Pollack, Esq., Proskauer Rose LLP, 2049 Century Park East, Suite 3200, Los Angeles, CA 90067-3206; e-mail: jpollack@proskauer.com; telephone: (310) 557-2900; facsimile: (310) 557-2193

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:  MAR - 1 2013    _____

ANDRES PEDRO

*Signature of Clerk or Deputy Clerk*

1202

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

□ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

□ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

□ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

□ I returned the summons unexecuted because _____ ; or

□ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

## I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ )

LIVE NATION LGTOURS (USA) LLC, MERMAID TOURING, INC. and THE ATOM FACTORY

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

BEAZLEY SYNDICATE 623 AT LLOYD'S, BEAZLEY SYNDICATE 2623 AT LLOYD'S and TALBOT SYNDICATE 1183 AT LLOYD'S

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Joshua J. Pollack, Esq. (SBN 215922)
Proskauer Rose LLP
2049 Century Park East, 32nd Floor, Los Angeles, CA 90067-3206
Telephone: (310) 557-2900

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

## II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

## V. REQUESTED IN COMPLAINT: JURY DEMAND: ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   **MONEY DEMANDED IN COMPLAINT:** $ More than $75,000

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
18 U.S.C. § 1332(a)(2) (diversity); causes of action are for breach of contract and breach of the implied covenant of good faith and fair dealing

## VII. NATURE OF SUIT (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☒ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property |  | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation |  | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV |  | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other |  |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** |  |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act |  |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations |  |
|  | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act |  |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act |  |
|  |  |  | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation |  |
|  |  |  | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act |  |

FOR OFFICE USE ONLY:  Case Number:

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES**: Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _Joshua Pollack_   DATE: _2/28/2013_

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |